UNITED STATES OF AMERICA
DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Malibu Media, LLC,
     Plaintiff;

    v.

Case No. 2:13-cv-12168-NGE-MAR
Honorable Nancy Edmunds

Vincente Sanchez,
     Defendant.

| | |
|---|---|
| Paul J. Nicolette, Esq. | John F. Early, Jr. (P47052) |
| Attorney for Plaintiff | Attorney for Defendant |
| 36880 Woodward Ave, Suite 100 | P.O. Box 519 |
| Bloomfield Hills, Michigan 48304 | Linden, Michigan 48451 |
| (248) 203-7800 | (248) 894-4694 |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO STRIKE**

**EXHIBITS AND ALLEGATIONS AND DISMISS THE PLAINTIFF'S**

**COMPLAINT**

**TABLE OF CONTENTS**

**Table of Authorities**

**Plaintiff cannot deny prior statements admitting violations of the Electronic Communications Privacy Act and the Michigan Statute regulating Private Investigators**                                                                    **1.**

**Plaintiff's agent intentionally violated the Electronic Communications Privacy Act**                                                                    **3.**

**Plaintiff is prohibited from disclosing information obtained in violation of the Electronic Communications Privacy Act**                                                                    **4.**

**Plaintiff and its agent are subject to Michigan Law**                                                                    **5.**

**Plaintiff's allegations are scandalous**                                                                    **6.**

**Conclusion**                                                                    **7.**

## TABLE OF AUTHORITIES

**Cases:**

*Brown v. Waddell,* 50 F.3d 285(4th Cir. 1995).

*Gelbard v. United States,* 408 U.S. 41 (1972).

*Gilligan . Janow Dev. Corp.,* 106 F.3d 246 (9th Cir. 1997).

*Leach v Bryan,* 68 F Supp. 1079 (D. Minn. 1999).

*Rogers v. Wood* 910 F.2d 444 (7th Cir. 1990)

*United States v. Denman*, 100 F.3d 399, 403 (5th Cir. 1996).

*United States v. Luong,* 471 F.3d 1107, 1109 (9th Cir. 2006)

*United States v. Ramirez,* 112 F.3d 849, 852 (7th Cir. 1997),

*United States v. Rodriguez,* 968 F.2d 130, 136 (2d Cir. 1992));

*United States v. Vest,* 813 F.2d 477, 481 (1st Cir. 1987).


**Statutes**

18 U.S.C. § 2510 et. seq.

18 U.S.C. § 2511 (a), (b), (c), & (b)

Mich. Comp. Laws § 338.821 et seq

Mich. Comp. Laws § 600.705 and 715

**Court Rules**

Fed. R. Civ. Pro. 12(b)(6)

Fed. R. Civ. Pro 12(f)

**Plaintiff cannot deny prior statements admitting violations of the Electronic Communications Privacy Act and the Michigan Statute regulating Private Investigators.**

The Plaintiff is estopped from denying that the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq. (ECPA) or that Mich. Comp. Laws § 338.821 et. seq. applies to the Plaintiff's conduct, and its alleged surveillance of the Defendant's electronic communications.

Paragraph two of the Plaintiff's Complaint alleges that Defendant's IP address was allegedly used to distribute Plaintiff's films, however, there are no factual allegations in the remainder of the Complaint that support the Plaintiff's conclusory allegation.  The only allegations in the Complaint supporting the claim of distribution include:

16. Plaintiff's Investigator. IPP Limited, established a direct TCP/IP connection with the Defendant's IP address as set forth in Exhibit A.
17. IPP downloaded from Defendant, one or more bits of each of the movie files identified from the file hashes on Exhibit A.
18. Each of the cryptographic file hashes as set forth in Exhibit A correlates to copyrighted movies owned by Plaintiff as identified in Exhibit B.
19. IPP Limited downloaded from Defendant one or more bits of each file hash listed in Exhibit A.  . . .
20. IPP Limited downloaded from Defendant one or more bits of each file hash listed in Exhibit A.  . . .

*Second Amended Complaint*

Plaintiff's response to Defendant's Motion directed the Defendant and thereby invited the Court to consider Plaintiff's other filings to explain Plaintiff's claims regarding Defendant's alleged distribution of Plaintiff's works. The Plaintiff had previously filed a declaration in this action explaining how the Plaintiff's agent IPP International, LLP

1

(IPP) had monitored a BitTorrent network and had allegedly intercepted electronic communications from Defendant's Computer. The relevant statements in IPP's declaration (declaration) include:

> 6. . . . I routinely monitor the Bittorrent file distribution network for the presence of copyrighted works, and I identify the internet protocol (IP) addresses that are being used by infringers to distribute those copyrighted works.
>
> 11. Plaintiff retained IPP International to monitor the BitTorrent file distribution network in order to identify IP addresses that are being used by to distribute Plaintiff's copyrighted works without authorization.
>
> 12. IPP tasked me with effectuating, analyzing, reviewing, and attesting to the results of this investigation.
>
> 13. During the performance of my duties, I used forensic software named International IPTracker v.1.2.1 and related technology enabling the scanning of the BitTorrent file distribution network for the presence of infringing transactions involving Plaintiff's movies.
>
> 16. After reviewing the evidence logs, I isolated the transactions and the IP addresses being used on the file distribution network to distribute Plaintiff's copyrighted works.
>
> 17. Computer(s) using the IP address identified on Exhibit B connected to IPP's investigative server in order to transmit a full copy, or a portion thereof, of each digital media file as identified by its hash values as set forth in Exhibit B. . . .
>
> *Exhibit 1*

Viewing the Complaint in a light most favorable to Plaintiff, the paragraphs 16 through 20 of the Complaint as supported by the admissions in the declaration stated above are the only facts supporting the claim that Defendant distributed Plaintiff's films. Furthermore, the only reasonable inference that can be drawn from allegations in the declaration clearly show that IPP violated the ECPA in order to detect Defendant's alleged distribution of Plaintiff's films.

2

The ECPA comprises five elements: the (1) Intentional (2) procuring of a person to endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device. 18 USC. § 2511. The Plaintiff is estopped from denying that its admissions to the court fulfill all five elements of 18 U.S.C. § 2511. The Plaintiff's filings with the court state that IPP International intentionally used software and computer equipment designed to monitor and intercept the Defendant's alleged distribution of Plaintiff's works.

**Plaintiff's agent intentionally violated the Electronic Communications Privacy Act**

IPP working as Plaintiff's agent intentionally intercepted electronic communication from Defendant's computer. Plaintiff cannot claim that its actions were accidental or unintended. Paragraph 11 of the declaration states that Plaintiff specifically retained IPP  to conduct the admitted surveillance satisfying the intent and procurement elements of 18 U.S.C. § 2511 (1)(a).

"Interception" means the acquisition of any . . . electronic communication through the use of any electronic, mechanical, or other device 18 U.S.C. § 2510(4),  Interception may occur at the location where the communication begins, is transmitted, or is received, *United States v. Luong,* 471 F.3d 1107, 1109 (9th Cir. 2006) (citing *United States v. Rodriguez,* 968 F.2d 130, 136 (2d Cir. 1992)); accord, *United States v. Ramirez,* 112 F.3d 849, 852 (7th Cir. 1997), *United States v. Denman*, 100 F.3d 399, 403 (5th Cir. 1996). In

3

the instant action, paragraph states that the interception allegedly occurred when IPP made a direct TCP/IP connection with Defendant's computer.

The films listed in Exhibit A and B of Plaintiff's Complaint were the "contents" that IPP allegedly intercepted and that Plaintiff is precluded from disclosing or using. 18 U.S.C. § 2510 (c) & (d).

Allegedly transferring or distributing films using BitTorrent software clearly qualifies as electronic communication. An electronic communication includes any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or part by . . . electromagnetic . . . system that affects interstate or foreign commerce . *See e.g. Brown v. Waddell,* 50 F.3d 285(4th Cir. 1995). Finally, the computer that IPP Limited used to download the data would fulfill the device element.

There is nothing in the Plaintiff's Complaint or the Plaintiff's response that refutes the conclusion that Plaintiff and its agent violated 18 U.S.C. § 2511.

**Plaintiff is prohibited from disclosing information obtained in violation of the Electronic Communications Privacy Act**

Citing no exception to the ECPA, the Plaintiff is prohibited from disclosing or using any information obtained in violation of the Act which would include a prohibition against using the contents of the exhibits attached to Plaintiff's Complaint.  Disclosing

4

the contents of unlawfully intercepted electronically communication to any other person

is prohibited. 18 U.S.C. § 2511(1)(c); *See e.g. Rogers v. Wood* 910 F.2d 444 (7th Cir.

1990) (overruled on the determination of damages), *Leach v Bryan,* 68 F Supp. 1079 (D.

Minn. 1999).

The Plaintiff cannot expect the court to overlook the Plaintiff's unlawful

surveillance methods when evaluating the conclusory allegations in the Plaintiff's

complaint regarding the alleged distribution of downloading of data from Defendant's

computer.


**Plaintiff and its agent are subject to Michigan Law**


Michigan's Long Arm Statutes grant the court specific jurisdiction over the

conduct of the Plaintiff, IPP, and Tobias Frasier for allegedly monitoring the Defendant's

computer and allegedly intercepting communications from Defendant's computer. Mich.

Comp. Laws § 600.705 and 715 confer jurisdiction over corporations and individuals

outside the state who commit torts against residents of this state. Conducting surveillance

against residents of this state without an approved license is a felony Mich. Comp. Laws

§ 338.823(3).and would support a claim for invasion of privacy against the Plaintiff, IPP,

and Tobias Frasier who stated that he conducted computer forensic investigations for

which he is not licensed in any state. The Plaintiff has cited no law to support its

contention that Mich. Comp. Laws § 338.821 et seq.  does not apply.

The Plaintiff's own violations of the Copyright Act should also be considered. The Plaintiff allegedly used enhanced surveillance to download 411 other films to prove that Defendant allegedly infringed 18 of Plaintiff's works. Plaintiff's 411 copyright violations should not go unnoticed  The Plaintiff's Complaint admits that Plaintiff has no copyright in those 411 works, and downloading those films was not a fair use and was certainly not de minimis infringement.

### Plaintiff's allegations are scandalous

It would be scandalous to permit the Plaintiff to rely on a Complaint containing disclosures that 18 US.C. § 2511 directly prohibits. Proceeding on this basis would make the court a partner to Plaintiff's unlawful conduct and would impugn the integrity of the court *See e.g. Gelbard v. United States,* 408 U.S. 41 (1972).  Furthermore: "[A]n invasion of privacy is not over when an interception occurs, but is compounded by disclosure in court or elsewhere." *United States v. Vest,* 813 F.2d 477, 481 (1st Cir. 1987).

Striking the offense allegations and supporting exhibits from the Complaint would fulfill the ECPA's paramount objective to effectively protect the privacy of communications *Gelbard v. United States*, 408 U.S. 41, 48 (1972) and would leave Plaintiff with no cause of action for copyright infringement.  The Plaintiff has not alleged any copying of the Plaintiff's works beyond those unlawfully disclosed and used by Plaintiff in drafting the complaint. Without those needed allegations, the Plaintiff can prove no set of facts in support of its claim *Gilligan . Janow Dev. Corp.,* 106 F.3d 246

6

(9th Cir. 1997). Absent the stricken allegations, Plaintiff has failed to state a cause of action requiring that the complaint be dismissed.

**Conclusion**

For the above stated reasons the Defendant's Motion to Strike pursuant to Fed. R. Civ Pro. 12(f) and Dismiss pursuant to Fed. R. Civ Pro. 12(b) (6) should be granted.

Respectfully Submitted

November 29, 2013

/s/John F. Early, Jr.
John F. Early, Jr. (P47052)
Attorney for Defendant
P.O. Box 519
Linden, Michigan 48451
(248) 894-4694
johnfearly@lawyer.com

7

**Certificate of Service**

I hereby certify that on November 29, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul J. Nicolette, Esq. .

/s/ John F. Early, Jr. (P47052).
John F. Early, Jr. (P47052)
Attorney for Defendant
P.O. Box 519
Linden, Michigan 48451
 (248) 894-4694
johnfearly@lawyer.com