UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.

VINCENTE SANCHEZ,

    Defendant.
    _____/

Case No. 13-12168

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE ALLEGATIONS AND EXHIBITS AND TO DISMISS COMPLAINT [15]**

    This matter comes before the Court on Defendant's motion to strike allegations and Exhibits C and D and to dismiss Plaintiff's second amended complaint ("complaint") for failing to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff responds that it does not oppose Defendant's request to strike the allegations in its complaint that relate to Exhibits C and D and to strike the Exhibits themselves. It does, however, oppose Defendant's motion to dismiss its complaint. Defendant's motion is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Defendant's unopposed request to strike allegations in Plaintiff's complaint that relate to Exhibits C and D and to strike the Exhibits themselves. It is DENIED as to Defendant's request to dismiss Plaintiff's complaint under Rule 12(b)(6). This Court agrees with Plaintiff that its complaint states a plausible claim for relief under the Copyright Act.

**I.    Facts**

The following facts are taken from Plaintiff's second amended complaint [9]. Plaintiff is the registered owner of the copyrights set forth on Exhibit B to its complaint, each of which covers an original work of authorship ("Copyrights-in-Suit"). By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit. Plaintiff did not authorize, permit, or consent to Defendant's distribution of its works. Defendant is a persistent online infringer of Plaintiff's copyrights; and his IP address, as shown on Exhibit A to Plaintiff's complaint, was used to illegally distribute each of the copyrighted movies listed on Exhibit B. (Compl., ¶¶ 2-3, 28-32.)

Plaintiff alleges that Defendant used the BitTorrent file distribution network ("BitTorrent") to infringe Plaintiff's copyrights. Specifically, the complaint alleges that BitTorrent is one of the most common peer-to-peer file sharing venues used for distributing large amounts of data, including digital movie files. Its popularity stems from users' ability to directly interact with each other to distribute a large file without creating a heavy load on any individual source computer and/or network and to avoid the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions. To distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these small bits with each other instead of attempting to distribute a much larger digital file. (*Id.* at ¶¶ 9-11.)

After the infringer receives all the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized. Each bit of a BitTorrent file is assigned a unique crytographic hash value ("bit hash") that acts as that bit's unique digital fingerprint. Every digital file has one single possible cryptographic

hash value correlating to it. The BitTorrent protocol uses cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing. (*Id.* at ¶¶ 12-14.) The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g., a movie). Once infringers complete downloading all bits comprising a digital media file, the BitTorrent software uses the hash to determine that the file is complete and accurate. (*Id.* at ¶ 15.)

Plaintiff's investigator established a direct TCP/IP connection with Defendant's IP address and downloaded from Defendant one or more bits of each of the digital movies identified by the file hashes on Exhibit A. Each of the cryptographic file hashes as set forth on Exhibit A correlates to copyrighted movies owned by Plaintiff as identified on Exhibit B. (*Id.* at ¶¶ 16-18.)

Plaintiff's investigator downloaded from Defendant one or more bits of each file listed on Exhibit A and also downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A. The investigator then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A. At no time did Plaintiff's investigator upload Plaintiff's copyrighted content to any other BitTorrent user. (*Id.* at ¶ 19.) It downloaded from Defendant one or more bits of each digital media file as identified by its hash value on Exhibit A. The most recent TCP/IP connection between Plaintiff's investigator and the Defendant's IP address for each file hash listed on Exhibit A is included within the column

labeled Hit Date UTC. UTC refers to Universal Time which is used for air traffic control as well as computer forensic purposes. (*Id.* at ¶ 20.)

As the subscriber in control of the IP address being used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer. Consequently, Plaintiff alleges that Defendant is the only person who can be identified as the infringer. (*Id.* at ¶ 21-24.)

## II. Motion to Dismiss Standard

The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Finally, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## III. Analysis

This is one of many cases brought by Plaintiff Malibu Media LLC and other copyright holders across the country, "including a number of copyright holders of pornographic works" like Plaintiff who "have recently been attempting to crack down on alleged infringement." *Malibu Media LLC v. John Doe*, No. 13-12178, 2013 WL 3945978, *2 (E.D. Mich. 2013) (Ludington, J.) Plaintiff "is *not* what has been referred to in the media and legal publications, and in the internet blogosphere, as a 'copyright troll' -- i.e., a nonproducer who merely has acquired the right to bring lawsuits against alleged infringers. Rather, Malibu is an actual producer of adult films and owns valid copyrights, registered with the United States Copyright Office, in its works," and "[a] number of Plaintiff's copyrighted works have evidently been making the rounds on BitTorrent." *Id*. at *2-3 (internal quotation marks and citations omitted). This copyright infringement lawsuit against Defendant is Plaintiff's attempt "to put a stop to it." *Id*. at *3.

"In order to establish copyright infringement, the plaintiff must prove: (1) ownership of a valid copyright; and (2) copying by the defendant of the protectable elements of the plaintiff's work." *Smith v. Muscle Shoals Sounds*, 52 F. App'x 715, 716 (6th Cir. 2002). Construing the allegations in Plaintiff's complaint as true, this Court finds that Plaintiff has stated a *prima facie* case of copyright infringement against Defendant. As to the first element, it is alleged that "Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the 'Copyrights-in-Suit.')." (Compl., ¶ 3.) Plaintiff's Exhibit B contains the registration numbers, dates of first publication, registration dates, and most recent hit date for each of the Copyrights-in-Suit. As to the second element, it is alleged that Defendant infringed constituent elements of Plaintiff's original works – "[b]y using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works

covered by the Copyrights-in-Suit," and he did so without Plaintiff's authorization. (*Id.* at ¶¶ 29-30.) Moreover, the factual allegations in Plaintiff's complaint describe in detail how Plaintiff determined that Defendant's IP address infringed its copyrighted movies by using the BitTorrent file sharing protocol. (*Id.* at ¶¶ 16-18, 20, 23, 30-31.)

Despite Defendant's arguments to the contrary, Plaintiff's complaint alleges facts showing that it is plausible that Defendant is the infringer of the Copyrights-in-Suit. The estoppel defenses Defendant asserts, i.e., that the protocol employed by Plaintiff's investigator violates the Electronics Communication Privacy Act, 18 U.S.C. § 2510, *et seq.*, and a Michigan statute regulating private investigators, Mich. Comp. Laws § 338.321, *et seq.*, raise matters outside the complaint that may not be considered on a Rule 12(b)(6) motion to dismiss. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (observing that as a general rule matters outside the complaint may not be considered on a Rule 12(b)(6) motion to dismiss).

## IV. Conclusion

For the above-stated reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Defendant's unopposed request to strike allegations in Plaintiff's complaint that relate to Exhibits C and D and to strike the Exhibits themselves. It is DENIED as to Defendant's request to dismiss Plaintiff's complaint under Rule 12(b)(6).

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: January 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2014, by electronic and/or ordinary mail.

                                 s/Johnetta M. Curry-Williams
                                 Case Manager
                                 Acting in the Absence of Carol Hemeyer