UNITED STATES OF AMERICA
DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Malibu Media, LLC,
    Plaintiff;

   v.                                                                     Case No. 2:13-cv-12168-NGE-MAR
                                                                        Honorable Nancy Edmunds

Vincente Sanchez,
    Defendant.

| | |
|---|---|
| Paul J. Nicolette, Esq. (P47052) | John F. Early, Jr. (P47052) |
| Attorney for Plaintiff | Attorney for Defendant |
| 36880 Woodward Ave, Suite 100 | P.O. Box 519 |
| Bloomfield Hills, Michigan 48304 | Linden, Michigan 48451 |
| (248) 203-7800 | (248) 894-4694 |

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COPYRIGHT INFRINGEMENT COMPLAINT AND COUNTERCLAIM**

Defendant Vincente Sanchez answers the Plaintiff's Complaint as follows:

1. Defendant neither admits nor denies the allegations in paragraph one of the Plaintiff's Complaint. The paragraph states a legal conclusion without a factual foundation The Plaintiff has not alleged sufficient facts for the Defendant to determine if the allegations are true or false.

2. Defendant denies the allegations in paragraph two of the Plaintiff's Complaint The Defendant has not infringed the Plaintiff's works. The Defendant does not

own the alleged internet address and The Defendant does not know who may have allegedly used the internet address to download the Plaintiff's works.

3. Defendant neither admits nor denies the allegations in paragraph three of the Plaintiff's Complaint. Paragraph three states a legal conclusion without a factual foundation The Plaintiff has not alleged sufficient facts for the Defendant to determine if the allegations are true or false.

4. Defendant neither admits nor denies the allegations in paragraph four of the Plaintiff's Complaint. Paragraph four states a legal conclusion without a factual foundation The Plaintiff has not alleged sufficient facts for the Defendant to determine if the allegations are true or false.

5. Defendant denies the allegations in paragraph five of the Plaintiff's Complaint in that the Defendant did not infringe copyrights that Plaintiff allegedly owned and the Defendant did not commit any tortuous conduct against Plaintiff. The Defendant admits to being a resident of this state.

6. Defendant neither admits nor denies the allegations in paragraph six of the Plaintiff's Complaint. The paragraph fails to specify which part of the alleged acts or omissions occurred within this state Defendant admits to being a resident of the state.

7. Defendant neither admits nor denies the allegations in paragraph seven of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

8. Defendant neither admits nor denies the allegations in paragraph eight of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

9. Defendant neither admits nor denies the allegations in paragraph nine of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

10. Defendant neither admits nor denies the allegations in paragraph ten of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

11. Defendant neither admits nor denies the allegations in paragraph eleven of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

12. Defendant neither admits nor denies the allegations in paragraph twelve of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

13. Defendant neither admits nor denies the allegations in paragraph thirteen of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

14. Defendant neither admits nor denies the allegations in paragraph fourteen of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

15. Defendant neither admits nor denies the allegations in paragraph fifteen of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

16. Defendant neither admits nor denies the allegations in paragraph sixteen of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

17. Defendant neither admits nor denies the allegations in paragraph seventeen of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

18. Defendant neither admits nor denies the allegations in paragraph eighteen of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

19. Defendant denies that the Plaintiff's agent downloaded Plaintiff's files listed in Exhibit A from Defendant's computer. The files listed in Exhibit A were not located on Defendant's computer. Defendant neither admits nor denies the remaining allegations in paragraph nineteen of Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

20. Defendant denies the allegations in paragraph twenty of the Plaintiff's Complaint. The allegations are false.

21. Defendant neither admits nor denies the allegations in paragraph twenty-one of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

22. Defendant denies the allegations in paragraph twenty-two of the Plaintiff's Complaint. The allegations have been stricken by the court.

23. Defendant denies the allegations in paragraph twenty-three of the Plaintiff's Complaint. The allegations are false.

24. Defendant denies the allegations in paragraph twenty-four of the Plaintiff's Complaint. The allegations are false.

25. Defendant neither admits nor denies the allegations in paragraph twenty-five of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

26. Defendant neither admits nor denies the allegations in paragraph twenty-six of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

27. Defendant neither admits nor denies the allegations in paragraph twenty-seven of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

28. Defendant neither admits nor denies the allegations in paragraph twenty-eight of the Plaintiff's Complaint. The Defendant does not have sufficient information to determine if the allegations are true or false.

29. Defendant denies the allegations in paragraph twenty-nine of the Plaintiff's Complaint. The allegations are false.

30. Defendant denies the allegations in paragraph thirty of the Plaintiff's Complaint. The allegations are false.

31. Defendant denies the allegations in paragraph thirty-one of the Plaintiff's Complaint. The allegations are false.

32. Defendant denies the allegations in paragraph thirty-two of the Plaintiff's Complaint. The allegations are false.

The Defendant requests the court to dismiss the complaint and award Defendant attorney fees and costs incurred in defending this action

February 20, 2014

Respectfully Submitted

/s/John F. Early, Jr. _____
John F. Early, Jr. (P47052)
P.O. Box 519
Linden, Michigan 48451
(248) 894-4694
JohnFEarly@lawyer.com

UNITED STATES OF AMERICA
DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Malibu Media, LLC,
    Plaintiff;

    vi.                                  Case No. 2:13-cv-12168-NGE-MAR
                                          Honorable Nancy Edmunds

Vincente Sanchez,
    Defendant.

| Paul J. Nicolette, Esq. (P47052) | John F. Early, Jr. (P47052) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| 36880 Woodward Ave, Suite 100 | P.O. Box 519 |
| Bloomfield Hills, Michigan 48304 | Linden, Michigan 48451 |
| (248) 203-7800 | (248) 894-4694 |

## DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COPYRIGHT INFRINGEMENT COMPLAINT

Defendant Vincent Sanchez states in support of his affirmative defenses as follows:

1. The Plaintiff's request for relief is barred by estoppel, unlawful conduct, fraud, or unclean hands. The Plaintiff's investigator is not licensed to conduct computer forensic analysis or investigations of residents in the State of Michigan. The Plaintiff has also violated federal statutes including the Pen Register Act 18 USC § 3121, which applies to the electronic capturing of IP addresses that Plaintiff has admitted was part of its investigation.

2. On information and belief, the Plaintiff's action is barred by consent, acquiescence, and implied license due to the Plaintiff's agent participating in the

alleged distribution of the Plaintiff's materials through the bittorrent network and by intentionally placing the subject works on the internet where it was freely accessible. It is not normal or usual for any film to generate revenue indefinitely. A user can download the Plaintiff's entire online library for a small fee. The Plaintiff can potentially generate substantially more revenue through litigation than through online subscription fees particularly for films that are not popular or have exhausted their market life. Furthermore, the information provided by Plaintiff indicates that its investigator has participated in the distribution of the Plaintiff's works over the bittorrent network with the Plaintiff's consent.

3. The Defendant's use if any was de minimus because a complete functional copy of the Plaintiff's works was not transferred to the Defendant's Computer. The Plaintiff's complaint alleges that its investigator downloaded bits from Defendant's computer. Bits of media files would not normally constitute sufficient information to permit a users computer to display the Plaintiff's works. The scope of the download is a question of fact that cannot be determined conclusively without discovery.

4. The subjects of Plaintiff's works are not protectable under U.S. Copyright Law.

5. On information and belief, Plaintiff's copyrights are invalid due to the Plaintiff's failure to comply with the Copyright statute. There are questions of fact regarding whether the Plaintiff is the true owner of the works, whether the works are original, whether there are other unreported authors of the works. There are inconsistencies between the information as registered and the information included with the complaint and supporting exhibits.

6. If any copying occurred, such copying was innocent infringement The Defendant acted in good faith and without intent to infringe the Plaintiff's copyright.

7. The Defendant reserves the right to include additional affirmative defenses as they may become known through discovery.

The Defendant requests the court to admit the Defendant's affirmative defenses, dismiss the complaint, and award Defendant attorney fees and costs incurred in defending this action

February 20, 2014

Respectfully Submitted

/s/John F. Early, Jr. _____
John F. Early, Jr. (P47052)
P.O. Box 519
Linden, Michigan 48451
(248) 894-4694
JohnFEarly@lawyer.com

UNITED STATES OF AMERICA
DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Malibu Media, LLC,
    Plaintiff;

   vii.                                                                                             Case No. 2:13-cv-12168-NGE-MAR
                                                                                                    Honorable Nancy Edmunds

Vincente Sanchez,
    Defendant.

| | |
|---|---|
| Paul J. Nicolette, Esq. (P47052)<br>Attorney for Plaintiff<br>36880 Woodward Ave, Suite 100<br>Bloomfield Hills, Michigan 48304<br>(248) 203-7800 | John F. Early, Jr. (P47052)<br>Attorney for Defendant<br>P.O. Box 519<br>Linden, Michigan 48451<br>(248) 894-4694 |

### **DEFENDANT'S COUNTERCLAIM**

Defendant/Counter-Plaintiff Vincente Sanchez states in support of his Counterclaim against the Plaintiff/Counter-Defendant as follows:

1.    Defendant/Counter-Plaintiff is an individual and resident of the State of Michigan.

2    Plaintiff/Counter-Defendant's Complaint falsely alleges that Defendant/Counter-Plaintiff infringed the Plaintiff/Counter-Defendant's copyrights in certain digital media movies. The Defendant/Counter-Plaintiff did not download any of the Plaintiff/Counter-Defendant's digital

movies, did not distribute any digital movies, and did not otherwise infringe the Plaintiff/Counter-Defendant's copyrights.

3. Plaintiff/Counter-Defendant Malibu Media, LLC is a limited liability company organized under the laws of the State of California and allegedly engaged in the business of distributing adult-oriented movies over the internet (hereinafter Content) and is otherwise engaged in interstate commerce.

4. Plaintiff has admitted that the court has jurisdiction over this action, has submitted to the personal jurisdiction of the court and has admitted that venues is proper in this district.

5. Plaintiff/Counter-Defendant claims that it owns and operates a website that is freely accessible by members of the public over the internet through various search engines such as Google, Bing etc.

6. On information and belief, the Plaintiff/Counter-Defendant charges a fee to users who download Content from the Plaintiff/Counter-Defendant's website.

7. Plaintiff/Counter-Defendant claims that it holds a valid registered copyright in the Content available to the public on the Plaintiff/Counter-Defendant's website.

8. Plaintiff/Counter-Defendant claims that third parties have unauthorized copies of its Content and have made the unauthorized copies available for download over the internet.

9. On information and belief, Plaintiff/Counter-Defendant retained IPP International to investigate the unauthorized distribution of the Plaintiff/Counter-Defendant's Content over the internet.

10. IPP International purports to be in the business of computer forensic analysis.

11. The legal status of IPP International is unknown. The location of IPP International is not known to the general public. IPP International does not disclose its legal status, location, or credentials in its declarations filed in support of Plaintiff's Complaints and Motions. On information and belief, IPP international is not registered to conduct business in any state within the United States and is not registered as an assumed name in any state or legal subdivision of any state within the United States.

12. IPP International is not associated with any domain name known to the public. A search of the internet does not provide any information regarding IPP International beyond the information filed in declarations in support of Plaintiff's Complaints.

13. IPP International intercepts data transmitted between computers connected to the internet and stores the intercepted data on computers under the control of IPP International as part of its computer forensic services.

14. Plaintiff/Counter-Defendant is aware of IPP International's data collection methods and retained IPP International to intercept Content being distributed by third parties over the internet without Plaintiff/Counter-Defendant's authorization and to collect additional data stored on

        Defendant/Counter-Plaintiff's compute that Plaintiff/Counter-Defendant used in support of its claims of copyright infringement against the Defendant/Counter-Plaintiff and other similarly situated Defendants in other actions.

15. On information and belief, IPP International is not licensed to conduct computer forensic investigations in any jurisdiction in which IPP International provides services.

16. IPP International is not licensed to conduct computer forensic investigations in Michigan or in any state in the United States of America.

17. IPP International acted as an agent for and on behalf of the Plaintiff/Counter-Defendant at all times relevant to the circumstances - underlying the Plaintiff/Counter-Defendant's Complaint.

18. In an effort to obtain information for the Plaintiff/Counter-Defendant, IPP International allegedly made direct TCP/IP connections to the Defendant's computer while the computer was allegedly connected to the internet and in communication with other internet users.

19. Plaintiff/Counter-Defendant claims that IPP International intercepted data being transmitted from Defendant/Counter-Plaintiff's computer to other internet connected computers. The data allegedly downloaded from Defendant's computer included Plaintiff/Counter-Defendant's Content that the Plaintiff/Counter-Defendant in turn has used as evidence in support of the Plaintiff/Counter-Defendant's Complaint.

20. In addition to the surveillance methods used to intercept the Plaintiff/Counter-Defendant's Content, IPP International used enhanced surveillance to intercept and download additional stored data transmitted from the Defendant/Counter-Plaintiff's computer.

21. Plaintiff/Counter-Defendant has admitted that it had no copyright interest in the additional data that IPP International obtained by applying enhanced surveillance methods.

22. Neither Plaintiff/Counter-Defendant nor IPP International had the right to obtain or possess the additional data that IPP International allegedly obtained from Defendant/Counter-Plaintiff's computer by means of enhanced surveillance methods.

23. Plaintiff/Counter-Defendant had no legal authority to conduct surveillance of Defendant/Counter-Plaintiff's computer or to intercept data originating from the Defendant/Counter-Plaintiff's computer and transmitted over the internet.

24. IPP International had no legal authority to conduct surveillance of Defendant/Counter-Plaintiff's computer or to intercept data originating from the Defendant/Counter-Plaintiff's computer and transmitted over the internet.

25. Plaintiff/Counter-Defendant had no legal authority to conduct enhanced surveillance of Defendant/Counter-Plaintiff's computer or to use enhanced surveillance to intercept data originating from the Defendant/Counter-Plaintiff's computer and transmitted over the internet.

26. IPP International had no legal authority to conduct enhanced surveillance of Defendant/Counter-Plaintiff's computer or to use enhanced surveillance to intercept data originating from the Defendant/Counter-Plaintiff's computer and transmitted over the internet.

27. Plaintiff/Counter-Defendant was aware of the methods that IPP International used to obtain information in support of Plaintiff/Counter-Defendant's Complaint and has authorized, approved, and ratified such methods.

## COUNT I

28. Defendant/Counter-Plaintiff incorporates by reference the allegations in paragraphs one through twenty-seven of the Defendant/Counter-Plaintiff's Counterclaim.

29. As alleged above and as admitted in Plaintiff/Counter-Defendant's Complaint, on numerous dates and times from on or about January 23, 2012 up until the present date, IPP International intentionally intercepted or endeavored to intercept electronic communications in the form of digital media files originating from the Defendant/Counter-Plaintiff's computer.

30. At all times relevant to this complaint, Plaintiff/Counter-Defendant directed, authorized, approved, and ratified its agent IPP International's surveillance and enhanced surveillance of Defendant/Counter-Plaintiff's computer and electronic communications as described above.

31. IPP International used electronic or other device to conduct the surveillance and enhanced surveillance of the Defendant/Counter-Plaintiff's computer and electronic communications.

31. The Defendant/Counter-Plaintiff did not consent to the surveillance conducted by IPP International and authorized by Plaintiff/Counter-Defendant.

32. IPP International was not a party to any communication with the Defendant/Counter-Plaintiff on any of the dates and times that IPP International allegedly downloaded data from the Defendant/Counter-Plaintiff's computer or intercepted data allegedly originating from Defendant/Counter-Plaintiff's computer.

33. IPP International and Plaintiff/Counter-Defendant disclosed the information resulting from the surveillance and enhanced surveillance of Defendant/Counter-Plaintiff's computer and electronic communications.

33. Plaintiff/Counter-Defendant's intentional conduct in authorizing IPP International's surveillance and enhanced surveillance of Defendant/Counter-Plaintiff's computer and electronic communications violated 18 U.S.C. § 2511(1).

34. Defendant has incurred substantial costs and attorney fees as a result of the Plaintiff/Counter-Defendant's violation of 18 U.S.C. § 2511(1).

35. 18 U.S.C. § 2520 authorizes an award of attorney fees incurred by Defendant/Counter-Plaintiff as a result of Plaintiff/Counter-Defendant's violation of 18 U.S.C. § 2511.

36. Defendant is entitled to equitable relief and damages under 18 U.S.C. § 2520, which authorizes a private right of action against Plaintiff/Counter-Defendant.

37. Plaintiff/Counter-Defendant is prohibited from using any information obtained in violation of 18 U.S.C. § 2511 for any purpose.

## COUNT II

38. Defendant/Counter-Plaintiff incorporates by reference the allegations in paragraphs one through thirty-eight of the Defendant/Counter-Plaintiff's Counterclaim.

39. On numerous occasions and times between January 23, 2012 and the present date, IPP international used a computer controlled by specialized software to trap and trace an IP address associated with the Defendant's internet account.

40. At all times relevant to this complaint, Plaintiff/Counter-Defendant directed, authorized, approved, and ratified its agent IPP International's use of a computer to trap and trace an IP address associated with the Defendant's internet account as described above.

41. Neither IPP International nor Plaintiff/Counter-Defendant did not obtain a court order before trapping and tracing the subject IP address and were not otherwise legally authorized to use a trap and trace device against the Defendant/Counter-Plaintiff's computer.

41. The Defendant/Counter-Plaintiff's authorization of IPP International's use of a trap and trace device violated 18 U.S.C. § 3121(a).

42. Plaintiff/Counter-Defendant's authorization of IPP International's conduct did not qualify for any exception to 18 U.S.C. § 3121(a).

43. Defendant/Counter-Plaintiff has incurred substantial costs and attorney fees as a result of the Plaintiff/Counter-Defendant's violation of 18 U.S.C. § 3121(a).

44. The Defendant/Counter-Plaintiff has been damaged as a result of the Plaintiff/Counter-Defendant's violation of 18 U.S.C. § 3121(a).

Defendant/Counter-Plaintiff requests the court to:

a. Award the Defendant/Counter-Plaintiff damages in an amount determined by a jury;

b. Order that the Plaintiff/Counter-Defendant destroy any information obtained in violation of 18 U.S.C. § 2511(1);

c. Award the Defendant/Counter-Plaintiff costs and attorney fees incurred in this action;

d. Award any other equitable relief necessary under the circumstances.

February 20, 2014

Respectfully Submitted

/s/John F. Early, Jr. _____
John F. Early, Jr. (P47052)
P.O. Box 519

            Linden, Michigan 48451
            (248) 894-4694
            JohnFEarly@lawyer.com

## **CERTIFICATE OF SERVICE**

      I certify that on January 30, 2014, I electronically filed the forgoing paper with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to Paul J. Nicoletti, Esq. attorney for the Plaintiff. On information and belief, there are no non-ECF participants who have filed appearances in this action for whom mail service would be required.

February 20, 2014                                       /s/John F. Early, Jr. _____
                                                              John F. Early, Jr. (P47052)
                                                              P.O. Box 519
                                                              Linden, Michigan 48451
                                                              (248) 894-4694
                                                              JohnFEarly@lawyer.com