## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 2:13-cv-12168-NGE-MAR |
| | ) | |
| v. | ) | |
| | ) | |
| VINCENTE SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS [CM/ECF 24]

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby moves for the entry of an order dismissing the counterclaims [CM/ECF No. 14] ("Counterclaims") filed by Defendant and files this memorandum in support.

### I.  INTRODUCTION

Defendant's counterclaims attempt to allege counts for: (1) violation of 18 U.S.C. § 2511 ("Electronic Communications Privacy Act" or "ECPA") and (2) violation of 18 U.S.C. § 3121(a) ("Pen Register Act").  Each of Defendant's counterclaims fails and should be dismissed.

Defendant's counterclaim under the ECPA fails because Defendant denies that he infringed Plaintiff's works.  Therefore he cannot possibly state a cause of action claiming that Plaintiff unlawfully intercepted communications of him infringing Plaintiff's works.  Further, in order to state a cause under the ECPA, Defendant must allege that Plaintiff's investigator, IPP, was not a party to the communication.  Here, Defendant transmitted a piece of Plaintiff's movie to IPP.  Defendant fails to allege who the other party of the communication was and explain how IPP is not a party when Defendant's actions were directed at IPP.

1

Defendant's counterclaim under the Pen Register Act fails because the Pen Register Act does not state an independent civil cause of action.  Further, even if it did, it fails because (1) the IP address was part of the content of the communication; (2) the Pen Register Act cannot prevent individuals who receive communications from recording IP addresses from the individual that sent it to them; and (3) it does not bar recording content that was intentionally submitted by a party.   For these reasons, as more fully explain below, Plaintiff respectfully requests the Court dismiss Defendant's counterclaims.

## II.   ARGUMENT

### A.     Legal Standard

"[A] complaint only survives a motion to dismiss if it contains 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Estate of Barney v. PNC Bank, Nat. Ass'n,* 714 F.3d 920, 924 (6th Cir. 2013) citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*   "While 'the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"If the complaint simply pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Salazar v. Home Depot, Inc.*, 1:10 CV 1127, 2011 WL 5526065 (W.D. Mich. May 9, 2011). "[W]hile the Court must accept as true any factual allegations contained in Plaintiff's complaint, this requirement does not extend to legal conclusions." *Id.*   "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Noel v. Carlson*, 13-CV-10533, 2014 WL 919333 (E.D. Mich. Mar. 10, 2014).

> **B.    Defendant's Counterclaims Should be Dismissed Because it Fails to State a Claim for Relief Under 18 U.S.C. §2511**
>
> > 1.    Defendant Denies that He is the Infringer and Therefore Does Not Have a Claim for Relief

The ECPA states: "*any person whose wire, oral, or electronic communication* is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520.   (Emphasis added).   Defendant's counterclaim states, "The Defendant/Counter-Plaintiff did not download any of the Plaintiff/Counter-Defendant's digital movies, did not distribute any digital movies, and did not otherwise infringe the Plaintiff/Counter-Defendant's copyrights."   In order for IPP to have "intercepted" Defendant's transmission, Defendant would have needed to download and distribute Plaintiff's copyrighted works.   Taking Defendant's factual allegations as true in his counterclaim, it is impossible for Plaintiff to have committed the alleged claims against him if he is not the individual that downloaded and distributed Plaintiff's works to IPP.   *See e.g. Malibu Media, LLC v. Doe*, 1:13-CV-30, 2013 WL 4048513 (N.D. Ind. Aug. 9, 2013)   (striking affirmative defense of implied license where elements involve admitting and not denying the infringement); *Malibu Media, LLC v. Batz*, No. 12-CV-01953-WYD-MEH, 2013 WL 2120412 (D. Colo. Apr. 5, 2013) (same).

> > 2.    IPP Did Not Violate the ECPA Because it Was a Party to the Communication

Defendant's argument that IPP violated the ECPA in detecting and logging the alleged infringement has been previously rejected under nearly identical facts.   Defendant's same argument was asserted by the defendant in *Capitol Records Inc. v. Thomas-Rasset*, 2009 WL

1664468 (D. Minn. 2009), a well-known copyright infringement case involving peer-to-peer file sharing and similar investigation methods used by the plaintiff. There, the Court held that even if the investigator's actions in that case "constituted interception of an electronic communication," the investigator "[fell] under the participant exception," to the ECPA. *Id.*, at *4. The participant exception states:

> <u>It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral or electronic communication where such person is a party to the communication</u> ... unless such communication is intercepted for the purpose of <u>committing any criminal or tortious act</u> in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d). The *Capitol Records* Court held that the investigator was "clearly a party to the electronic communication with Defendant" and that "gathering evidence of Defendant's alleged copyright infringement cannot be said to have been accomplished *for the purpose* of committing a tort or crime." *Id.* It therefore found that no violation of the ECPA had occurred.

Similarly here, to the extent that IPP may be considered "a person who . . . intentionally intercepts . . . any wire, oral, or electronic communication" under the ECPA, which Plaintiff does not concede, IPP was a party to the communication and is therefore not liable for any violation. 18 U.S.C. § 2511(1). "Where an individual is a 'party to the communication,' not acting under color of law, it is not unlawful under the ECPA for the individual to intercept the communication . . . A 'party to the communication' is a person participating in the communication." *Clemons v. Waller*, 82 F. App'x 436, 440 (6th Cir. 2003).

Here, Plaintiff's investigator used "forensic software . . . and related technology enabling the scanning of the BitTorrent file distribution network for the presence of infringing transactions[.]" *Declaration of Tobias Fieser*, CM/ECF 3-1, at ¶ 13. IPP then "isolated the transactions and the IP addresses being used on the BitTorrent file distribution network to

distribute Plaintiff's copyrighted works." *Id.,* at ¶ 16.  A computer using Defendant's IP address, as identified on Exhibit B to the Complaint, "connected to IPP's investigative server in order to transmit a full copy, or a portion thereof, of each digital media file . . . set forth on Exhibit B." *Id.,* at ¶ 17.

Defendant's counterclaim fails to allege any facts that would support IPP not being a party.  Defendant only states in his counterclaim: "IPP International was not a party to any communication with the Defendant/Counter-Plaintiff on any of the dates and times that IPP International allegedly downloaded data from the Defendant/Counter-Plaintiff's computer or intercepted data allegedly originating from Defendant/Counter-Plaintiff's computer." CM/ECF 24 at ¶32.  This barebones allegation is not sufficient to support that IPP was not a party.  Indeed, Defendant does not even state which party was the intended recipient of the data.

By connecting with IPP's server and sending it data, Defendant engaged in a consensual transaction with IPP as a participant in the communication.  IPP, as a party to the communication and a mere passive recipient of data, was entitled to record (log) the data sent to it from Defendant's computer.  By using peer-to-peer file sharing software, "a user expects millions of other users to view and copy her files," each time receiving the very information that Defendant sent to IPP and which IPP recorded.  *Capitol Records*, at *4.  Further, Defendant has not, and cannot, allege that Plaintiff's investigator intercepted the pieces of Plaintiff's copyrighted works which he was distributing "for the purpose of committing any criminal or tortious act."   18 U.S.C. § 2511(2)(d).  "Alleged violations of the ECPA itself cannot constitute the additional crime or tort under § 2511(2)(d)." *Clemons v. Waller*, 82 F. App'x 436, 440 (6th Cir. 2003).

The ECPA was not intended to be used as a safeguard to ensure that Defendant, and tens of thousands of others, could anonymously and freely infringe Plaintiff's copyrighted content

online.  Defendant's attempt to use the ECPA as a shield from liability fails.  "There is no expectation of solitude or seclusion when a person activates a file sharing program and sends a file to the requesting computer.  By participating . . . a user expects millions of other users to view and copy her files[.]"  *Capitol Records Inc. v. Thomas-Rasset*, 2009 WL 1664468, at *4 (D. Minn. 2009).  *See also e.g. Malibu Media, LLC v. John Does 1-31*, 2012 WL 9257350, at *5 (W.D. Mich. 2012) ("Defendant does not have a reasonable expectation [of privacy] in the subscriber information Plaintiff's proposed subpoena requests[.]"); *Riding Films, Inc. v. John Does 129-193*, 2013 WL 3322221, at *5 (S.D. Ohio 2013) (same).

### 3.  The Pen Register Act Does not Provide For an Independent Civil Action

Defendant's counterclaim against Plaintiff under 18 U.S.C. §1321 ("Pen Register Act") fails because "[t]he Pen Register Act itself does not contain a civil liability provision" *Smith v. Trusted Universal Standards In Elec. Transactions, Inc.*, CIV09-4567RBKKMW, 2010 WL 1799456 (D.N.J. May 4, 2010) (granting motion to dismiss Pen Register Act claims).  Civil liability is only available "under the Stored Communications Act, 18 U.S.C. § 2707(g)."  *Id*. Defendant did not plead liability under the Stored Communications Act.  However, even if Defendant did plead liability, "civil liability under § 2707(g) only applies where there has been 'willful disclosure of a 'record' 'by an 'investigative or law enforcement officer, or a governmental entity.' § 2707(g). There are no such government actors in this case, thus no civil liability arises."  *Id*.  Here, IPP is not a government actor and therefore there can be no civil liability under this act.

Even if Defendant could state a cause of action under the Pen Register Act, which he cannot, courts have held that it is inapplicable in copyright infringement actions such as this one because (1) the IP address was part of the content of the communication; (2) it cannot prevent individuals who receive communications from recording IP addresses from the individual that

6

sent it to them; and (3) it does not bar recording content that was intentionally submitted by a party.

> [First] the Pen Register Act has no application here because the IP address recorded . . . was part of the content of the communication. The metadata that is transmitted . . . always includes the IP address. [Second], the Pen Register Act cannot be intended to prevent individuals who receive electronic communications from recording the IP information sent to them . . . [Third,] the Pen Register Act does not bar recordings of the contents of communications that are made with the consent of one of the parties to the communication.

*Capitol Records Inc. v. Thomas-Rasset*, CIV 06-1497(MJD/RLE), 2009 WL 1664468 (D. Minn. June 11, 2009).

Here, the IP Address received by Plaintiff's investigator was part of the content of the communication, so the Pen Register Act has no application. Additionally, Defendant utilized other's computers to download the file and also allowed others, including Plaintiff's investigator, to connect to his computer so that he could transmit pieces of Plaintiff's copyrighted works to third parties. Thus, by participating in the BitTorrent swarm Defendant consensually engaged in the transaction with Plaintiff's investigator. And, "the IP addresses were communicated as part of the packets Defendant's computer sent to [Plaintiff's investigator's] computer. [Plaintiff's investigator], as a party to that communication, simply recorded the information transmitted to it from [Defendant's] computer." *Id.* Because the IP Address information was voluntarily sent to Plaintiff's investigator, the Pen Register Act cannot serve to prevent Plaintiff's investigator from recording that information. *See also Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 450 (C.D. Cal. 2007) (BitTorrent copyright infringement case holding that "[b]ecause the May 29 Order requires the production of the *contents* of communications . . . the Pen Register Statute does not bar the ordered discovery.") (Emphasis added.)

III.    **CONCLUSION**

For the foregoing reasons, the Court should dismiss each of Defendant's Counterclaims with prejudice.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)    Granting Plaintiff's Motion to Dismiss Defendant's Counterclaims;

(B)    Dismissing Defendant's Counterclaims with prejudice; and

(C)    Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: March 13, 2014

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:    /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        36880 Woodward Ave, Suite 100
        Bloomfield Hills, MI 48304
        Tel:  (248) 203-7800
        Fax:  (248) 203-7801
        E-Fax: (248) 928-7051
        Email:  paul@nicoletti-associates.com
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Paul J. Nicoletti*